IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:19-cv-180-RJC-DSC

ANTHONY GORDON MATHIS,

    Plaintiff,

v.

TERRA RENEWAL SERVICES INC. and
DARLING INGREDIENTS INC.,

    Defendants,

v.

LJC ENVIRONMENTAL LLC,

    Third-Party Defendant.

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

THIS MATTER is before the Court upon the parties' Joint Motion for Consent Protective Order, through which the parties seek to facilitate the discovery and disclosure of confidential business, financial, personnel, and personal information in this action.

THE COURT, having considered the Motion and other appropriate matters of record, hereby GRANTS the Motion.

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and upon agreement of the parties, and deeming it just and proper to do so, it is hereby ORDERED that:

1.    <u>Scope of Order</u>.  This Confidentiality Agreement and Order ("Order") governs the handling and disclosure of all documents and materials produced, given, exchanged, or filed herein by any party or witness during discovery and other proceedings in this action (which includes but is not limited to all claims against all parties, including third party claims, and mediation or other alternative dispute resolution processes, settlement proceedings and/or appeals) that are properly designated as "Confidential Information" as set forth below.

1
Case 3:19-cv-00180-RJC-DSC   Document 32   Filed 05/01/20   Page 1 of 11

2. <u>Agreement on Use of Confidential Information</u>.  All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action, as defined above, and shall not be used or disclosed by any person for any other purpose, absent written consent from the party or other entity who produced and denoted the subject information as confidential (the "Designating Party") as defined below.  This provision, however, does not prevent a party from using its own Confidential Information for any other purpose as it sees fit (though such use may cause the Confidential Information to become public record and no longer satisfy the definition of "Confidential Information" as set forth in this Order).

3. "<u>Document</u>."  When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4. "<u>Material</u>."  When used in this Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information (including electronic information) produced, given, or filed in this action.

5. "<u>Confidential Information</u>."  When used in this Order, the term "Confidential Information" means a trade secret or other confidential or proprietary information, material or documentation including, but not limited to, medical records, personnel and payroll records and files, financial records and data, business records and data, business policies and procedures, any information that would place the party producing such information at a competitive disadvantage in the event such information were released to competitors or to the general public, and any other information which may be properly designated as confidential pursuant to this Protective Order. "Confidential Information" also includes all information subject to protection under Fed. R. Civ.

P. 26, as well as the following: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; where appropriate, home addresses; sensitive or protected information involving personal financial, medical, matrimonial, or family matters; and employment records of individuals whether parties or non-parties. However, material must have been designated as "Confidential Information" per the procedures set forth below to be entitled to all the protections provided for in this Order.

6. <u>Designation of Confidential Material</u>. A party or witness in this action may designate documents or other materials produced in the course of discovery by that party or witness as "Confidential Information." A person or parties' production or disclosure of Confidential Information pursuant to the terms of this Order shall not waive or prejudice the right of any party or other person to object to the production or admissibility of documents or information in this or any other action. Any party who produces Confidential Information as defined in this Order, or who designates material as Confidential Information as set forth in this Paragraph, shall be referred to as the "Designating Party." Any party who seeks to disclose to another party any material marked as Confidential Information pursuant to this Order shall be referred to as the "Disclosing Party."

Designation of material as Confidential Information shall be made as follows:

a. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins, but not over text).

b. In the case of <u>deposition testimony</u>, either by: (i) designating the question asked or the testimony given, at the time asked and/or given, as Confidential Information, (when a confidentiality designation is made at the time of the deposition, the transcript pages containing the designated testimony shall be separately bound by the court reporter, who must affix or note on the face of the separate transcript the

3

Case 3:19-cv-00180-RJC-DSC Document 32 Filed 05/01/20 Page 3 of 11

legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the designated testimony), or (ii) by giving notice in writing to the reporter and counsel of record for all parties within fifteen business days after the Designating Party's receipt of the transcript of the portions containing Confidential Information, in which event all parties shall appropriately mark the designated portions on their copies of the transcript. Before the conclusion of this fifteen business day period, all parties or persons who have received that transcript shall maintain the deposition and all of its exhibits in strict confidence.

    c. A party that fails to mark an item as CONFIDENTIAL INFORMATION at the time of production may later correct its failure in writing, accompanied by substitute copies of each document bearing the appropriate confidentiality legend, **provided that** such a designation must occur within no more than thirty days of the Designating Parties' production of the underlying information, document, or material. Within five days of receipt of any timely substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked documents and all copies, and shall subsequently treat such substituted documents as CONFIDENTIAL INFORMATION. A party who discloses information later marked as confidential, and provided that disclosure was not otherwise in violation of this Order, is not responsible or liable for such disclosure so long as it is made in advance of the material's being designated as Confidential Information.

7. <u>Scope of Permitted Disclosure</u>. Except upon further order of the Court, Confidential Information shall be disclosed only to the following persons:

    a. parties to this action;

    b. the officers, directors, in-house counsel and their staff, and employees of the corporate parties (*i.e.*, Defendants and the Third Party Defendant ) who are involved in the action's prosecution or defense (which includes but is not limited to any mediation, arbitration, or any other settlement process and appeals), or who otherwise have a need to know of the Confidential Information for purposes of the lawsuit;

    c. The law firms of record for the parties to this action and such firms' attorneys and office staff;

    d. independent experts and consultants (including in-house experts and consultants) consulted by or assisting a party in this action;

    e. a deponent, witness, or potential witness, not covered under paragraphs 7(a) and 7(b), whom a party or a party's counsel in good faith believes may have information relevant to this action where the Confidential Information is related to the questions asked to or the testimony of such deponent or witness;

  f. court reporters and their staff, the Court, the staff of the Court, mediators and the mediator's staff, and the prospective or actual members of the jury; and

  g. Persons or entities that provide litigation support services to a party's legal counsel (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*), and their employees whose assistance with the underlying support services is reasonably necessary.

  8. <u>Conditions of Disclosure to Experts or Witnesses</u>. Before disclosure of Confidential Information to any person set forth in Paragraphs 7(d), 7(e), and 7(g) of this Order the Disclosing Party shall inform such person that Confidential Information shall be used for the purposes of the prosecution or defense of this action only.  The Disclosing Party also shall present a copy of this Order to such person and have such person sign a statement ("acknowledgement") in the form of Exhibit A, attached hereto, acknowledging that s/he is to be bound by the terms of this Order.  Any person described in Paragraphs 7(a), 7(b) and 7(c) of this Order is bound by the provisions of this Order without the necessity of executing a Confidentiality Agreement.  All such persons shall be bound by the terms of this Order, and shall not permit disclosure of Confidential Information other than pursuant to the terms of this Confidentiality Order.  Parties shall keep a record of all persons to whom disclosure of Confidential Information is made pursuant to Paragraphs 7(d), 7(e), or 7(f) and parties shall retain in their possession, custody, and control all Acknowledgments signed by such persons.  For good cause shown, parties shall make such records and Acknowledgments available for inspection upon reasonable request of any other party to this Order.

  9. <u>Conditions of Other Disclosure</u>.  If a party desires to disclose any Confidential Information to any person not described in Paragraph 7 of this Order, counsel for the Disclosing Party shall inform in writing the Designating Party at least seven days in advance of such disclosure (or such other time as agreed to by the parties in writing) of the intent so to disclose, including a

5

general description of the materials to be disclosed, the designation given to such material, and the name and address of the person to whom the disclosure is to be made. If the Designating Party gives notice of objection to such disclosure within the prescribed seven day period, such objection must be resolved by the Court before the disclosure may be made. In the event of any such objection, the Disclosing Party shall bear the burden of moving for resolution of the dispute by the Court.

10. Objection Procedure. Any dispute as to the designation of any materials as confidential shall be resolved by the Court upon motion of any party or other person with standing under this Order. The Designating Party shall bear the burden of showing good cause for the designation under Rule 26(c)(7) of the Rules of Civil Procedure and this Order. During the period between the initial designation of the material by the Designating Party and the Court's determination of the objecting party's motion, such material shall be treated as Confidential Information under this Agreement.

11. Filing with Court. Unless a Disclosing Party has first consulted and received the permission of a Designating Party to file or submit "Confidential Information" (or a portion thereof), publicly or not under seal, the Disclosing Party or any other person wishing to file with, or submit to, the Court any information that has been designated hereunder as confidential must follow the procedures for filing Confidential Information under seal pursuant to the requirements of Rule 6.1 of the Local Rules for the Western District of North Carolina, with notice served upon the Designating Party. The filing of the materials under seal shall not be binding on the Court, however. Within ten days of service of such notice, any party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information.

The party that initially filed the materials need not defend another party's desire that the materials remain sealed. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without the need for a further order of the Court.

12. Nothing in this Order shall prohibit disclosure of a document which has been designated Confidential Information to the author of such document or any person(s) who received such document before it was designated as Confidential Information.

13. <u>Trial</u>.  This Order is concerned only with procedures for the disclosure and use of Confidential Information during the pretrial stages of this action.  A separate order will be entered at the appropriate time regarding the use of Confidential Information during the trial of any matter or issue herein.

14. <u>Final Disposition.</u>  Subject to any further order(s) of the Court on the completion of this litigation, the terms of this Protective Order shall survive and remain in full force and effect after the termination of this litigation.  Within sixty days after final conclusion of all aspects of this litigation including any appeal(s) by any party, all parties and non-parties subject to the terms hereof shall either destroy, or assemble and return to the Designating Party or non-party, all Protected Material and all copies of the same (other than those filed with the Court or provided to an opposing party), upon the request and at the option of the "Designating Party"; however, if the items are requested to be returned, the Designating Party or other entity requesting such return shall bear the reasonable costs of having those Protected Materials returned to it.  The Designating Party may waive these requirements in writing.  It is provided, however, that counsel for the parties shall be entitled to retain documents to the extent reasonably necessary to preserve a file on this

litigation. Any such archival copies that contain or constitute Protected Material remain subject to this Order. Notwithstanding the foregoing, the ultimate disposition of Confidential Information is subject to a final order of the Court on the completion of litigation.

15. Enforcement of Order. Each person who receives Confidential Information in this action submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

16. Modification in Writing. The parties may modify this Order at any time by an agreement in writing, signed by both parties. Any such modification shall be put in the form of an order modifying this Order. In addition, either party may move for an order modifying this Order upon good cause shown. Prior to any such application, the party seeking to modify this Order will confer with the other party to attempt to reach an agreement with respect to such modification.

17. Effective Date of Order. It is the intention of the parties to submit this Order for approval as an order of this Court. Nonetheless, the agreement on the terms of this document is effective as between the parties immediately upon execution by the parties. Any designation of confidentiality hereunder shall not be affected by reason of the fact it may have taken place before, or in lieu of, a final confirmation of this Order by this Court.

**SO ORDERED**.

Signed: May 1, 2020

David S. Cayer
United States Magistrate Judge

CONSENTED TO BY:

/s/   David J. Ventura
Karonnie R. Truzy
N.C. State Bar No. 28228
ktruzy@crumleyroberts.com
CRUMLEY ROBERTS, LLP
2400 Freeman Mill Rd, Suite 200
Greensboro, NC 27406
(336) 333-9899

David J. Ventura
N.C. State Bar No. 34898
djventura@crumleyroberts.com
CRUMLEY ROBERTS, LLP
1051 East Morehead Street, Suite 100
Charlotte, NC 28204
Telephone: (704) 567-2549
*Attorneys for Plaintiff*

/s/ Matthew B. Tynan
Robert J. King III
N.C. State Bar No. 15946
rking@brookspierce.com
Matthew B. Tynan
N.C. State Bar No. 47181
mtynan@brookspierce.com
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
P.O. Box 26000
Greensboro, NC 27420
Phone: (336) 373-8850
Fax: (336) 378-1001

*Attorneys for Defendants Terra Renewal Services, Inc. and Darling Ingredients Inc.*

/s/ Colin E. Scott
Colin E. Scott
N.C. State Bar No. 23894
colin.scott@mgclaw.com
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 643-6303
Fax: (704) 643-2376
*Attorney for LJC Environmental, LLC*

**EXHIBIT A**

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER ENTERED IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

      The undersigned hereby acknowledges that he or she has read the Confidentiality and Protective Order in the action entitled *Mathis v. Terra Renewal Services, Inc. et al.*, No. 3:19-cv-180-RJC-DSC, understands the terms thereof and agrees to be bound by those terms as if a signatory thereto. The undersigned further understands that violation of the Confidentiality Agreement and Protective Order shall be punishable by the contempt powers of the Court, including imposition of a fine in the amount of damages sustained by a Designating Party and an award of costs and attorneys' fees.

_____
(Date)

                                                _____
                                                (Signature)

                                                _____
                                                Name (Print)

                                                Business address:

                                                _____
                                                _____
                                                _____