UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00180-RJC-DSC

| ANTHONY GORDON MATHIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER ON MOTIONS IN LIMINE |
| TERRA RENEWAL SERVICES, INC., and DARLING INGREDIENTS, INC., | ) |  |
| Defendants, | ) |  |
| v. | ) |  |
| LJC ENVIRONMENTAL, LLC, | ) |  |
| Third-Party Defendant. | ) |  |

**THIS MATTER** comes before the Court on a combination of the parties' motions in limine. (Doc. Nos. 73, 75, 77, 79, 81, 83, 91, 105, 107, 121, and 123). In the interests of providing the parties with the Court's rulings ahead of trial, the Court below lists the parties' relevant motions by docket number, a summary of the request in the motion, and the Court's ruling on the motion.

### Plaintiff's Motions in Limine

| Doc. No. | Request | Decision |
|---|---|---|
| 105 (107 copy) | Omnibus Motion (rulings on each section below) |  |
| • | Request: That the Court exclude testimony regarding Plaintiff's drug use. | **GRANTED** |

1

| | | |
|---|---|---|
| • | Request: That the Court exclude the testimony and report of Defendant's Life Care Planner. | **DENIED** |
| • | Request: That the Court exclude evidence of Luke Mathis as an expert witness. | **DENIED** |
| • | Request: That the Court exclude expert testimony offering new, additional, or different opinions outside of the scope of the expert reports and other than those expressed in the experts' deposition testimony. | **RESERVED** |
| • | Request: That the Court exclude the use of work product memoranda inadvertently produced to Defendants. | **MOOT** |
| • | Request: That the Court exclude evidence of collateral source benefits for Social Security Disability. | **GRANTED** |
| • | Request: That the Court exclude Defendants from arguing or presenting evidence that the Worker's Compensation lien is more than $2,869,835.55. | **RESERVED** |
| • | Request: That the Court exclude evidence that Plaintiff was represented by Crumley Roberts for his Worker's Compensation claim, as well as evidence regarding any fee Plaintiff's firm received for those services. | **GRANTED** |
| • | Request: That the Court exclude Defendants from calling as a witness any person not properly or timely identified in response to Plaintiff's interrogatories. | **RESERVED** |

## Defendants' Motions in Limine

| Doc. Nos. | Request | Decision |
|---|---|---|
| 81 | Request: That the Court preclude the receipt of testimony from Plaintiff's late-disclosed witnesses, Michelle Benton and Andrew Freeman of Daymark Recovery Center. | **GRANTED** |
| 83 | Request: That the Court preclude any testimony at trial regarding the duty or standard of care applicable to the inspection, maintenance, and service of tankers expected to experience pressure, like tanker 11500, the tanker involved in the incident set for trial. | **DENIED** |
| 91 | Request: That, pursuant to Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Court exclude the testimony of Plaintiff's expert witness, Shane Darville. | **DENIED in part; GRANTED in part as to hazardous materials** |
| 121 | Omnibus Motion in Limine (rulings on each section below) | |
| • | Request: That the Court preclude Plaintiff from speculating regarding his actions at Hunter Farms on the day of the accident. | **GRANTED** |
| • | Request: That the Court preclude Plaintiff from testifying regarding his June 2020 stroke. | **GRANTED** |
| • | Request: That the Court exclude Lisa Rayborn's testimony as hearsay, as impermissible lay opinion, and on Daubert grounds. | **GRANTED** |
| • | Request: That the Court exclude Jeff Cockman's testimony regarding operation of tanker trailers as impermissible lay opinion. | **GRANTED in part as to opinion testimony;** |

| | | |
|---|---|---|
| | | DENIED in part as to first-hand knowledge |
| • | Request: That the Court preclude Reggie Porter from offering expert opinions as to why Tanker 11500 "held pressure." | GRANTED in part as to opinion testimony; DENIED in part as to first-hand knowledge |
| • | Request: That the Court prevent Jeff Glass from speculating regarding the cause of the accident or the condition of Tanker 11500. | GRANTED in part as to opinion testimony; DENIED in part as to first-hand knowledge |
| • | Request: That the Court prevent Luke Mathis from speculating that Tanker 11500 would have been tampered with by Defendants. | GRANTED |
| • | Request: That the Court exclude the use of hearsay, including hearsay included in the North Carolina Department of Labor's investigative materials and reports. | GRANTED |
| • | Request: That the Court exclude the North Carolina Department of Labor's citation to Defendant Terra. | GRANTED |
| • | Request: That the Court exclude Jordan Mathis' "To Whom It May Concern" letter as inadmissible hearsay. | RESERVED |
| • | Request: That the Court exclude Plaintiff's trial exhibits 33, 34, 35, and 37 as hearsay, hearsay-within-hearsay, and improper lay opinion. | RESERVE RULING on Exhibits 33, 34, and 35; GRANTED as to Exhibit 37 as |

4

|   |   | inadmissible hearsay |
|---|---|---|
| • | Request: That the Court require a proper foundation for photos of the tankers, including Tanker 11500. | **GRANTED** |
| • | Request: That the Court prevent witnesses from falsely testifying that the center manway hatch of Tanker 11500 was missing its pin. | **RESERVED** |
| • | Request: That the Court exclude comments about tankers being "worn out" unless they can be shown to be relevant to the accident. | **DENIED** |
| • | Request: That the Court exclude testimony that applies hazardous materials regulations to establish the standard of care. | **GRANTED** |
| • | Request: That the Court exclude testimony or argument that refers to any lack of training by Defendants. | **GRANTED** |
| • | Request: That the Court exclude testimony or argument invoking or referring to the Sudden Emergency Doctrine. | **DENIED** |
| • | Request: That the Court exclude evidence regarding Defendants' financial condition as unduly prejudicial. | **GRANTED** |
| • | Request: That the Court exclude evidence of Defendants', LJCs, and Hunter Farms' subsequent remedial measures. | **GRANTED** |
| • | Request: That the Court prevent lay witnesses from giving opinions about matters requiring experts. | **DENIED** |

| | Request: That the Court preclude expert witnesses from testifying beyond what is contained in their respective reports, with a limited exception for updating of financial calculations. | RESERVED |
|---|---|---|
| 123 | Request: That the Court allow evidence that Plaintiff has received a Worker's Compensation settlement, evidence of the amount of that settlement, and any other relevant material from Plaintiff's Worker's Compensation proceedings to be admitted at trial. | GRANTED in part as to the amount of the Workers' Compensation settlement; DENIED in part as to any other material |

### Third-Party Defendant's Motions in Limine

| Doc. Nos. | Request | Decision |
|---|---|---|
| 73 | Request: That the Court preclude any evidence, including testimony, concerning allegations that Plaintiff has hauled overweight tankers for LJC. | DENIED |
| 75 | Request: That the Court preclude any evidence, including testimony, concerning allegations that LJC cancelled Plaintiff's health insurance after the subject accident. | GRANTED |
| 77 | Request: That the Court limit the expert testimony of Wayne Stanberry to the safe operation of tanker trailers, and preclude him from testifying about legal conclusions or legal requirements concerning the contract entered by LJC. | GRANTED in part as to legal conclusions |
| 79 | Request: That the Court limit the expert testimony of Shane Darville to the areas about which he was designated and specifically to preclude him from offering opinion testimony about LJC's training of its employees. | GRANTED |

**SO ORDERED.**

Signed: July 9, 2021

Robert J. Conrad, Jr.
United States District Judge